**STATE, ex. DAWN, Appellee, v. KYLE, et al., Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6390. Decided May 8, 1944.

Leo A. Burke, Cincinnati, for appellee.

John D. Ellis, Cincinnati and Ed. F. Alexander, Cincinnati, for appellants.

## OPINION

By HILDEBRANT, J.

After some twenty years service as a member of the Police Department of the City of Cincinnati, Ohio, relator was discharged on or about October 5, 1942, under circumstances which did not preclude his receiving the pension provided by Section 45 of the Rules adopted by the Board of Trustees of the Police Relief Fund of said City on August 31, 1942, and he was accordingly placed on said pension roll. In the court below relator obtained a writ of mandamus compelling the Trustees to pay him the increased monthly amount provided by the amended rules adopted August 30, 1943, from and after that date.

The appeal is upon questions of law.

The petition alleges in substance a duty on the trustees to pay the increased pension and their failure to do so, "although the defendants, as such board have been requested by the relator to do so."

The case was disposed of in the court below on an interpretation of the certain section, 45-48 and 51 of the rules of August 30, 1943, as compared with the same sections in existence on October 5, 1942, adopted August 31, 1942, under which relator's pension rights became fixed. Interpretation of the word "retired" in section 48 and "retirement" in section 45 of the rules of August 30, 1943 was made. The bill of exceptions contains only the rules of August 31, 1942 and August 30, 1943, and a pension check of relator's.

Section 51 of the Rules of August 30, 1943, provides:

"In case of controversy as to the application or interpretation of any rule in any particular case, the Board may hear testimony and argument and determine the controversy. Its determination shall be final."

The record is so meager as to be inadequate to intelligent review.

It appears that relator ignored Rule 51 and precipitated the respondents into court without first invoking the procedure thereby provided.

The writ of mandamus is an extraordinary writ, and will not be issued as a substitute for existing remedies. While the petition alleges a bare request for increase and a failure to pay, it falls short of alleging a failure or refusal after hearing or deliberation as contemplated by section 51 above quoted.

Where a condition precedent to the right to compel performance of the duty is imposed, it must appear that such condition has been performed. 25 O. Jur., p. 1184, sec. 249. Nor will the writ be granted in anticipation of a supposed omission of duty, however strong the presumption that respondents will refuse to perform the duty involved. 25 O. Jur. p. 1000, sec. 26. See also: State, ex rel. Juhlman v Commrs., et al., 122 Oh St, 355.

It appearing relator failed to avail himself of the remedy afforded by Rule 51, quoted supra, and that such procedure is a necessary prerequisite to granting of the drastic relief prayed for, the judgment of the Court of Common Pleas is reversed, and the cause remanded with instructions to dismiss the petition.

ROSS, P. J., & MATTHEWS, J., concur.